Date signed November 13, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FRANK E. NICOL | : | Case No. 08-11555PM |
| MARY ROSE NICOL | : | Chapter 7 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | | CONSOLIDATED |
| IN RE: | : | |
| | : | |
| MARY ROSE NICOL | : | Case No. 08-11556PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |

## MEMORANDUM OF DECISION

Before the court is the Application for Allowance of Compensation ("Application") of Laura Margulies & Associates, LLC ("Counsel"), for compensation for services rendered to the Debtors, Frank E. Nicol and Mary Rose Nicol, for the period from March 14, 2008, to July 11, 2008. The Application covers the period when the Debtors were in a case under Chapter 11.[1] Counsel first billed the Debtors on March 14, 2008, and filed a Notice of Appearance on March 27, 2008. Counsel seeks allowance of compensation of $21,324.00 and reimbursement for out-

---

[1] Involuntary Chapter 7 cases were commenced against Mary Rose Nicol (Case No. 08-11556) and Frank E. Nicol (Case No. 08-11555) on February 5, 2008. On February 27, 2008, each of the Debtors moved to convert their cases to cases under Chapter 11. On April 14, 2008, the two cases were substantively consolidated, the lead case being designated Case No. 08-11555. On July 17, 2008, upon the Debtors' motion, the consolidated case was re-converted to one under Chapter 7.

of-pocket expenses of $147.28.  The Rule 2016(b) Disclosure Statement filed March 27, 2008 (#20), discloses that Counsel received a retainer of $15,000.00, and that Counsel's hourly fee was $350.00 for attorneys and $95.00 for paralegal services.

This consolidated case truly went nowhere.  The Debtors' sojourn in Chapter 11 was ill-advised and doomed to failure.  The Debtors' Schedules reflected the ownership of three parcels of real property, ownership of the equity in ten limited liability companies that owned parcels of real property, three limited liability companies that appear to be shells, and two corporations of no stated value.

On April 9, 2008, Countrywide Home Loans, Inc. moved for relief from the automatic stay (#29) as to the Debtors' residence, and on April 24, 2008, another secured creditor moved for relief from the automatic stay (#43) to proceed to enforce a lien on the Debtors' Bethany Beach, Delaware property.  On April 28, 2008, Washington Mutual Bank ("WAMU") filed a motion for relief from the automatic stay (#46) as to property held in the name of an LLC located at 1911 8th Street, N.W., Washington, D.C.  The following day, yet another creditor moved for relief from the automatic stay (#50) as to another LLC's holding at 566 Newcomb Street, S.E., Washington, D.C.  Counsel filed timely brief responses to these motions to the effect that, while the Debtors could not admit or deny the allegations as to the failure to make payments under the loans, the properties were necessary for an effective reorganization and that the Debtors had equity in the properties.  On May 16, 2008, WAMU filed a motion for relief from the automatic stay (#70) accompanied by a proposed consent order for property in Washington, D.C. held by another LLC.  Orders were subsequently entered with the Debtors consenting to the relief sought as to the motions filed at #43, #46 and #70.  On June 19, 2008, WAMU filed a motion for relief from the automatic stay (#94) as to still another LLC-owned parcel.

On July 11, 2008, in apparent recognition of the futility of their situation, the Debtors filed a motion to re-convert the consolidated case back to a case under Chapter 7.  The case was filed prior to the holding of a meeting of creditors pursuant to 11 U.S.C. § 341(a), and quite obviously, a Plan and Disclosure Statement were never filed.  The court is faced with determining what is reasonable final compensation for the services rendered to the Debtors by Counsel during their failed attempt at reorganization.

In fixing the reasonable compensation for actual, necessary services rendered by Counsel to the Debtors to be allowed under 11 U.S.C. § 330(a)(1), the court is guided by such cases as *Harman v. Levin*, 772 F.2d 1150, 1152 n. 1 (CA4 1985); *In re Courtois*, 222 B.R. 491 (BC Md.

1998); and *In re Bernard Hill, Inc.*, 133 B.R. 61, 69-70 (BC Md. 1991). These cases adopt the criteria originally appearing in the leading case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-718 (CA5 1974), in determining the reasonableness of the compensation sought, bearing in mind that in all such cases the burden of proof remains with the attorney. *See In re A.H. Robins Co., Inc.*, 86 F.3d 364, 373 (CA4 1996).

Before making the lodestar analysis of the Application under the *Johnson* criteria, the court has some preliminary observations. First, Ms. Marguiles is a well-experienced bankruptcy attorney. Her hourly fee of $350.00 is fair in this case, assuming the efficient use of time expected of such counsel. The charge of $1,166.67 seems excessive for preparing boiler plate pleadings such as the Notice of Appearance, Disclosure of Compensation, Motion to Extend Time, Application to Employ Attorneys and Motion to Consolidate Cases. Orders for Joint Administration are granted as a matter of course, and orders for consolidation usually follow the absence of objection after notice to all creditors. The court is surprised by a charge of $466.67 for research on factors for consolidating the two cases. The law is straightforward on this issue. *See generally In re Bunker,* 312 F.3d 145 (CA4 2002); FED. R. BANKR. PROC. 1015; LOCAL BANKR. R. 1015-1. There are charges aggregating $4,725.00 for preparing the Schedules and Statement of Financial Affairs. While this appears excessive, the court takes counsel at her word. But, the charges for amending the Schedules of $5,279.15 are, to use the vernacular, out of sight.

The court will now do a lodestar analysis.

1. *Time and labor expended*. The court has no reason to question the statement of time expended by Counsel.

2. *Novelty and difficulty of questions raised.* There appears nothing that is novel or difficult in this consolidated case. Aside from assembling information, Counsel's main task was to conduct a holding operation.

3. *Customary fee for like work.* Counsel's charges are within the range charged by lawyers in this area.

4. *Skill required to properly perform legal services rendered.* What was done in this case for the Debtors could have been performed by any member of this Bar with ordinary skill.

5. *Preclusion of other employment.* This is not a factor.

6. *Whether fee is fixed or contingent*. Counsel in cases under Chapter 11 always face the risk of their clients not being able to pay them for services rendered or that the court may not

allow the amount of compensation sought. Here, Counsel was protected in part by the large retainer.

7. *Time limitations imposed.* Other than the requirements of filing a response in 30 days to motions filed under 11 U.S.C. § 362(a) and to file Schedules promptly, there were no significant time limitations.

8. *Amount in controversy and results obtained*. The Debtors scheduled approximately $9.8 million in property and $11.3 million in debt. The case is now in Chapter 7. They will emerge with their debts discharged and their exempt property that appears to have a total value of less than $9,000.00. While Counsel is not a guarantor of the success of cases under Chapter 11, this case appeared early on not likely to lead to any successful result. Counsel states in support of this Application that her work will result in the Chapter 7 Trustee having a better understanding of this case.

9. *Experience, reputation and ability of attorney.* Counsel is an experienced and well-regarded attorney who generally represents consumer debtors in this court.

10. *Undesirability of the case*. This is not a factor.

11. *Nature and length of professional relationship with clients.* Counsel had no relationship with the Debtors prior to the employment in this case.

12. *Attorney fee awards in similar cases.* As stated above, the hourly fee sought is within the range of fees allowed attorneys in individual cases under Chapter 11. However, in some cases under Chapter 11, particularly where the results have been as unfavorable as here, the court has allowed 0% to 80% of the fees sought.

Counsel's representation resulted in little or no benefit to the Debtors or to the estate. After consideration of all the factors set forth above, the court will allow final compensation to Counsel for the Debtors in the sum of $15,000.00 and reimbursement of out-of-pocket expenses of $147.28. Counsel may apply the retainer of $15,000.00 to the allowed fee and is allowed $147.28 as a Chapter 11 administrative expense under 11 U.S.C. § 726(b).

An appropriate order will be entered.

cc:   Frank E Nicol and Mary Rose Nicol
      1000 Tucker Lane
      Ashton, MD 20861

Laura J. Margulies
Laura Margulies & Associates, LLC
6205 Executive Blvd.
Rockville, MD 20852

First United Bank and Trust
c/o Roger Schlossberg, Esq.
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741-4227

Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741-4227

Cheryl E. Rose
12154 Darnestown Road
Box 623
Gaithersburg, MD 20878

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

**End of Memorandum**